UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JANE DOE, | No. C 13-04029 LB |
| Plaintiff, | **ORDER (1) DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SEAL THE COMPLAINT AND COURT FILE** |
| vs. | |
| DAVID KUO HUEI LEE, | |
| Defendant. | |
| | [RE: ECF Nos. 22 & 22-4] |

## INTRODUCTION

This order addresses two motions recently filed by Plaintiff: (1) a motion to seal the entire court file in this action or, alternatively, to allow Plaintiff to proceed under a fictitious name (the "Underlying Motion"); and (2) an administrative motion to file under seal the Underlying Motion (the "Administrative Motion"). *See* Administrative Motion, ECF No. 22; Underlying Motion, ECF No. 22-4.[1] Upon consideration of motions, the declarations in support of them, and the applicable authority, the court **GRANTS IN PART** and **DENIES IN PART** the Underlying Motion and **DENIES** the Administrative Motion.

---

[1] Citations are the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER (C 13-4029 LB)

**STATEMENT**

On August 29, 2013, Plaintiff filed her Complaint and initiated this action. Complaint, ECF No. 1. She filed it in the public record and did not at that time seek to file it under seal or to proceed under a fictitious name. *See generally* Docket. She served it on Defendant on September 12, 2013. Proof of Service of Complaint, ECF No. 8. So far, Defendant has failed to appear in this action and thus has not responded to Plaintiff's Complaint. *See generally* Docket. As such, the Clerk of the Court has entered Defendant's default. Entry of Default, ECF No. 15.

The complaint details events that arise out of a relationship Plaintiff had with Defendant that began when Plaintiff was still a minor. Complaint, ECF No. 1 ¶ 8. In short, she alleges that Defendant took lewd and indecent pictures of her (some of which were taken when she was a minor), posted those pictures on internet websites, made the photos available for sale through some of those websites, and impersonated her by creating false profiles that encouraged men to seek her out to stalk and harass her. *Id.* at ¶¶ 8-11. As a result of the above facts, Plaintiff alleges against Defendant claims for (1) Intentional Infliction of Emotional Distress, (2) Violation of Right of Publicity, (3) Copyright Infringement, (4) False Light Invasion of Privacy, (5) Appropriation of Name, (6) Picture or Identity, (7) Cyberstalking, and (8) Breach of Contract. *Id. at* ¶¶ 18-57.

On January 28, 2014. Plaintiff filed the Administrative Motion, which attached the Underlying Motion. *See* Administrative Motion, ECF No. 22; Underlying Motion, ECF No. 22-4. She served those motions (and the accompanying declarations and other papers) on Defendant on January 21, 2014. Proof of Service of Administrative Motion, ECF No. 22-3; Proof of Service of Underlying Motion, ECF No. 22-6. Defendant has not opposed either of the motions. *See generally* Docket.

**ANALYSIS**

**I. PLAINTIFF'S MOTION TO SEAL THE ENTIRE CASE FILE OR PROCEED AS A DOE**

In the Underlying Motion, Plaintiff asks the court to seal the entire case file, including the Complaint. *See* Underlying Motion, ECF No. 22-4. She says that when she filed the action, she was unaware that the Complaint would become a public record.[2] She says that, as a result of her name

---

[2] The court views this as a failure on the part of her counsel to explain the usual consequences of filing a lawsuit in federal court. Plaintiff's counsel should be mindful not to make

being in the publicly-available Complaint, she has been stalked and harassed by individuals who have found the photographs of her, and she believes that by having her name publicly associated with this case she has incurred, and will continue to incur, threats to her physical safety. *See* Plaintiff's Declaration, ECF No. 22-5 ¶¶ 3, 11. She contends that these facts warrant sealing of the entire case file.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Id.* (quoting *Nixon*, 435 U.S. at 598). Access to judicial records, however, is not absolute. *Id.* A party seeking to seal a pleading or a dispositive motion (as well as any attached exhibits) must show that there are "compelling reasons" to do so and that outweigh the public's interest in disclosure. *Id.* at 1178-80. (A lesser "good cause" standard applies to documents produced in discovery and non-dispositive motions. *Id.*) "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. 589, 597 (1978)). Moreover, in this District, under Civil Local Rule 79-5(b), "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law (hereinafter referred to as 'sealable'). The request must be narrowly tailored to seek sealing only of sealable material . . . ."

Here, Plaintiff wants the court to seal the entire case file, which includes both the complaint (a pleading) and numerous other non-dispositive filings (such as Plaintiff's consent to magistrate jurisdiction, the clerk's entry of default, the instant motions, etc.). Upon consideration of the standards described above, the court finds that Plaintiff has not shown compelling reasons to seal the

this mistake in the future.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1 entire case file. For instance, she has not shown why her allegations—as opposed to her
2 identity—are could be used for "improper purposes" or result in harm to her, or why those
3 allegations are privileged, protectable as a trade secret or otherwise entitled to protection under the
4 law. Indeed, another court in this district has found that a similar request to seal the entire case file
5 is not "narrowly tailored" to only "sealable material" as required under Rule 79-5(a). *See Tischer*
6 *Company v. Robertson Stevens, Inc.*, No. 06-2372, 2007 WL 3287846, at *2 (N.D. Cal. Nov. 5,
7 2007) (court denied plaintiff's motion to seal as not "narrowly tailored" where plaintiff had not
8 identified specific documents that were privileged or protectable to be seal and instead simply
9 moved to seal the entire case file).

10 Plaintiff's alternative proposed remedy—proceeding under a fictitious name—is more narrow,
11 and the legal standard is more lenient. While, strictly speaking, the use of fictitious names "runs
12 afoul of the public's common law right of access to judicial proceedings . . . and [Federal Rule of
13 Civil Procedure 10(a)'s command that the title of every complaint 'include the names of all the
14 parties,'" "many federal courts, including the Ninth Circuit, have permitted parties to proceed
15 anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile*
16 *Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). In the Ninth Circuit, a party may
17 "preserve his or her anonymity in judicial proceedings in special circumstances when the party's
18 need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing
19 the party's identity." *Id.* at 1068. Such circumstances can exist "when nondisclosure of the party's
20 identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal
21 embarrassment.'" Id. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.
22 1981) (using pseudonyms in opinion because appellant, a prison inmate, 'faced a serious risk of
23 bodily harm' if his role as a government witness were disclosed) and citing *Doe v. Madison School*
24 *Dist. No. 321*, 147 F.3d 832, 834 n.1 (stating that plaintiff filed case as "Jane Doe" because she
25 feared retaliation by the community). As such, because being taken advantage of in a sexual manner
26 as a minor is of a highly sensitive and personal nature, cases of involving such an issue have often
27 been found to allow for the use of a fictitious name. *See, e.g.*, *John Doe 140 v. Archdiocese of*
28 *Portland*, 249 F.R.D. 358, 361 (D. Or. 2008) (plaintiff who alleged a sexual battery claim against

1 priest, and whose claim was based on conduct that occurred when plaintiff was a minor, was allowed
2 to file pleadings anonymously because plaintiff faced a risk of harassment, ridicule, personal
3 embarrassment ,and psychological trauma if his name were made public).  Courts also have
4 determined that even when judicial records and exhibits were previously accessible to the public,
5 "the Court may grant relief to mitigate continuing harm if warranted." *Rich v. Shader*, No. 09-652,
6 2013 WL 6028305, at *2-*4 (S.D. Cal. Nov. 13, 2013) (court allowed a party to file under seal
7 documents that had previously been publicly filed to the extent that the party was able to show that
8 the documents could be used for improper purposes or that other compelling reasons existed that
9 outweighed public's interest in disclosure).

10     Here, the subject-matter of this action militates in favor of allowing Plaintiff to proceed under a
11 fictitious name, and she also has sufficiently shown that she already has suffered harassment, injury,
12 and personal embarrassment.  In addition, allowing Plaintiff to proceed pseudonymously will not
13 prejudice Defendant.  Plaintiff initially filed her Complaint under her true name in the public record,
14 and she served Defendant with a copy of it.  Thus, he already knows who has sued him.  *Cf.*
15 *Advanced Textile,* 214 F. 3d at 1072. (noting that defendants who never know the true identity of the
16 anonymous plaintiff might be prejudiced later in the litigation process because of an inability to
17 refute plaintiff's allegations).  Defendant also was served with the instant motions, and he has failed
18 to oppose them.  Finally, the public's interest in Plaintiff's identity, as opposed to her allegations, is
19 low—this is a civil suit for damages from the unauthorized and illegal distribution of indecent
20 photographs of a minor—and allowing Plaintiff to continue her litigation as a Jane Doe still provides
21 the public with continued access to the legal issues and the court's resolution of those issues. *See*
22 *Doe v. Steagall*, 653 F.2d 180, 185 (5th Cir. 1981) (court observed party anonymity did not obstruct
23 the public's view of the issues joined or the court's performance in resolving them).  Accordingly,
24 the court finds that under these circumstances Plaintiff may proceed under a fictitious name.
25 Plaintiff's Underlying Motion is **GRANTED IN PART** insofar as she moves to proceed under a
26 fictitious name and **DENIED IN PART** insofar as she moves to seal the entire case file.
27 **II. PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL THE UNDERLYING MOTION**
28     In light of the discussion above, the court finds that Plaintiff has not shown compelling reasons

to seal the Underlying Motion but that she has demonstrated a need to proceed under a fictitious name. Accordingly, for the same reasons stated above, the court **DENIES** Plaintiff's administrative motion to file under seal the Underlying Motion. The court, however, will shield her identity from public view as explained below.

### CONCLUSION

Based on the forgoing, the court **GRANTS IN PART** and **DENIES IN PART** the Underlying Motion and **DENIES** Plaintiff's administrative motion.

To allow Plaintiff to proceed under a fictitious name, while at the same time avoiding the need for Plaintiff to re-file redacted versions of every filing that has been made so far in this action, the court **ORDERS** the following:

1. The Clerk of the Court directed to limit access of all documents filed in this action to date to case participants only. These documents are found on the Docket at ECF Nos. 1-22.

2. For this order (ECF No. 23), the court changes the caption for this action to list Plaintiff as "Jane Doe." The Clerk of the Court is directed to change the caption on ECF.

3. For all subsequent filings in this action, the parties shall use the new "Jane Doe" caption and shall refer to Plaintiff either as "Plaintiff" or "Jane Doe."

4. Plaintiff is directed to file by February 21, 2014 a redacted version of the Complaint that replaces the old caption with the new caption and replaces her name with "Plaintiff" or "Jane Doe" anywhere else that it appears.

**IT IS SO ORDERED**.

Dated: February 18, 2014

_____
LAUREL BEELER
United States Magistrate Judge