Andrew M. Gold, California Bar No. 146228
BOGATIN CORMAN & GOLD
1330 Broadway, Suite 800
Oakland, CA  94612
Telephone:  (510) 832-5005
Facsimile:  (510) 832-5050
Email:  agold@bcgattorneys.com

Attorneys for Plaintiff Jane Doe

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                              Plaintiff,<br><br>vs.<br><br>DAVID KUO HUEI LEE<br><br>                              Defendant. | Case No.:  C13-4029 LB<br><br>**COMPLAINT – REDACTED PER COURT ORDER**<br><br>1.  Intentional Infliction of Emotional Distress<br>2.  Violation of Right of Publicity<br>3.  Copyright Infringement<br>4.  False Light Invasion of Privacy<br>5.  Appropriation of Name, Picture or Identity<br>6.  Cyberstalking<br>     California Civil Code §1708.7<br>7.  Breach of Contract<br><br>Jury Trial Demanded |

Plaintiff JANE DOE alleges as follows:

## PARTIES

1.      Plaintiff JANE DOE ("Plaintiff") is an individual residing in San Francisco, California.

2.      Defendant DAVID KUO HUEI LEE ("Lee" or "Defendant") is an individual residing in Richmond, Virginia.

## JURISDICTION

3.      This court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000.

4.      In addition, this court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the case in part arises out of the Copyright Act 17 U.S.C.  §101 et seq.

5.      This court has personal jurisdiction over Defendant on the grounds that he has committed intentional torts against Plaintiff directed at her in California and, more particularly, in this judicial district.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

7.      Plaintiff first met Lee when she was sixteen years old.  Lee is approximately 10 years older than Plaintiff.  Plaintiff and Lee formed a friendship.  Over the course of several years, beginning in or around 2003, when Plaintiff was 17 years old, Lee took many photographs of Plaintiff.  While some of the pictures were inoffensive, others were suggestive or sexual in nature.  Many of the pictures were taken while Plaintiff was still a minor.

8.      Over the course of many years, Lee has engaged in a pattern and practice of harassment and intimidation of Plaintiff designed to injure her person as well as her reputation. He has sought to harm her business, harm her family, and interfere in her personal relationships with other men, in particular with the man with whom she now lives.

9.      In order to carry out his pattern of harassment and intimidation, Lee has, among other things, copied Plaintiff's professional portfolio and posted on numerous websites offensive pictures of Plaintiff, many of which were taken when she was a minor.  He has made some of the pictures he took of Plaintiff available for sale through multiple websites that he maintained in his own name or in the name of his purported professional photography business.

10.     In addition, Lee has impersonated Plaintiff and created pages on various websites purporting to be Plaintiff.  On those websites Lee has, among other things, made sexually explicit remarks suggesting that Plaintiff was seeking or available for sexual encounters with total strangers.  Lee has also created pages on social media websites under different aliases on which he has used photos and other identifying personal information of Plaintiff.  Lee has also reached out to Plaintiff under various guises purporting to be men interested in becoming involved with her.  He has also carried on "dialogues" on the internet in which he played various roles purporting to be discussing or commenting on Plaintiff and created the impression that people were following her and taking pictures of her in her apartment.  Lee also encouraged other people to find Plaintiff and do her harm by, among other things, posting comments on the internet that included personal identifying information of Plaintiff, such as an address near where she lived and the coffee shop she frequented.  He also contacted the school she attended enquiring about her school schedule.

11.     As a result of these false portrayals of Plaintiff, she has been the victim of lewd advances, both on the internet and in person, to the extent that she has felt personally unsafe and threatened in her surroundings.  Plaintiff had reason to believe, and in fact believed that she was in imminent danger of physical harm.

12.     When Plaintiff brought these matters to Lee's attention, he pretended that he had nothing to do with them and stated that he was her friend and would do everything to protect her.  For a time, Plaintiff mistakenly believed Lee and thought that someone had somehow obtained copies of pictures of her, as well as other identifying personal information, and created false identities for her online.

13.     At a certain point, Plaintiff learned that Lee, while pretending to be her friend, was feverishly disseminating photos of her and creating false websites and identities with the intent to cause her emotional harm.  On more than one occasion Plaintiff requested that Lee cease his activities and take down from the internet all of the photos that he had posted or disseminated.  Not only did Lee deny Plaintiff's requests, but he increased the frequency of

postings and other activities.  He deliberately created the illusion that multiple people were stalking her and spreading misinformation about her, when in fact all of the "people" were Lee.

14.     Unable to control the escalating proliferation of offensive images, and being subject to lewd advances by strangers who believed they had been communicating with her when in fact they had been communicating with Lee, Plaintiff fell into personal despair and attempted to take her own life.

15.     Plaintiff is informed and believes and thereon alleges that Lee deliberately pursued these actions in order to manipulate and retain control over Plaintiff and to take revenge on her due to the fact that she refused to become romantically involved with him.

16.     On or about June 16, 2012, Lee's photography studio and home were raided by the Internet Crimes Against Children Task Force, TFO FBI Cyber Crime Task Force and part of the City of Richmond, Virginia Police Department.

17.     Despite the fact that Lee's studio was raided and all of the materials present at the time were seized, Lee has continued to post images of Plaintiff and use other methods to harass and intimidate her.

### FIRST CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

18.     Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs 1 through 17 of this complaint, inclusive.

19.     Defendant's conduct as set forth above was outrageous.

20.     Defendant's actions were directed to Plaintiff while she was residing in California.

21.     Defendant intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

22.     Plaintiff has suffered severe emotional distress.

23.     Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

COMPLAINT - REDACTED

24.      The conduct of Defendant was, and is, wanton, willful, aggressive, malicious and in conscious disregard of Plaintiff.  Plaintiff is therefore entitled to recover punitive damages from Defendant.

25.      Wherefore, Plaintiff seeks relief as set forth below.

**SECOND CAUSE OF ACTION**
**Violation of Right of Publicity**
**California Civil Code  §3344**

26.      Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs 1 through 25 of this complaint, inclusive.

27.      Defendant has knowingly used photographs of Plaintiff on products and/or for the purpose of advertising and selling products without her prior consent.

28.      Pursuant to California Civil Code § 3344(a), Defendant is liable to Plaintiff in an amount equal to seven hundred and fifty dollars ($750) or the actual damages suffered by her as a result of the unauthorized use, as well as any profits attributable to  the unauthorized use.  In addition, punitive damages may be awarded to Plaintiff, as well as attorneys' fees and costs.

29.      Wherefore, Plaintiff seeks relief as set forth below.

**THIRD CAUSE OF ACTION**
**Copyright Infringement**
**17 U.S.C. § 101 et seq.**

30.      Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs 1 through 29 of this complaint, inclusive.

31.      On or about August 11, 2013, Lee assigned to Plaintiff all right, title and interest in and to all of the photographs he has taken in which Plaintiff appears.  Attached hereto as Exhibit A and incorporated herein by this reference is a true and correct copy of the Copyright Assignment signed by Lee.

32.      Notwithstanding assignment of all copyright, Lee continues to display photos of Plaintiff without her consent.

33.     Photos of Plaintiff as to which she holds the copyright can be found, at a minimum, at the following URLs:

https://www.facebook.com/photo.php?fbid=100596187915&set=a.100593917915.95772.44648527915&type=3&permPage=1

https://www.facebook.com/photo.php?fbid=100595607915&set=a.100593917915.95772.44648527915&type=3&permPage=1

https://www.facebook.com/photo.php?fbid=100595667915&set=a.100593917915.95772.44648527915&type=3&permPage=1

https://www.facebook.com/photo.php?fbid=100596177915&set=a.100593917915.95772.44648527915&type=3&permPage=1

https://www.facebook.com/photo.php?fbid=61938447915&set=a.61937827915.74216.44648527915&type=3&permPage=1

https://www.facebook.com/photo.php?fbid=103982892915&set=a.103981157915.97544.44648527915&type=3&theater

https://www.facebook.com/photo.php?fbid=103983152915&set=a.103981157915.97544.44648527915&type=3&theater

https://www.facebook.com/photo.php?fbid=103983157915&set=a.103981157915.97544.44648527915&type=3&theater

https://www.facebook.com/photo.php?fbid=61939277915&set=a.61938662915.74217.44648527915&type=3&theater

https://www.facebook.com/photo.php?v=433444246112&set=vb.44648527915&type=3&theater

34.     Wherefore, Plaintiff seeks relief as set forth below.

**FOURTH CAUSE OF ACTION**
**False Light Invasion of Privacy**

35.     Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs 1 through 34 of this complaint, inclusive.

36.     Defendant generated publicity and/or made public disclosures of facts about Plaintiff.

37.     The facts disclosed were false and/or placed Plaintiff in a false light.

COMPLAINT - REDACTED

38.     The false light in which Plaintiff was placed would be highly offensive to a reasonable person.

39.     Defendant had knowledge of the falsity of the publicized matter and the false light in which Plaintiff would be placed.

40.     This public disclosure caused Plaintiff to sustain damages.

41.     Wherefore, Plaintiff seeks relief as set forth below.


**FIFTH CAUSE OF ACTION**
**Appropriation of Name, Picture or Identity**

42.     Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs 1 through 41 of this complaint, inclusive.

43.     Defendant appropriated Plaintiff's name, picture and identity.

44.     The appropriation was for Defendant's own purposes or benefit, commercially or otherwise.

45.     Plaintiff did not consent to this appropriation.

46.     The appropriation caused Plaintiff to sustain injury, damage, loss or harm.

47.     Wherefore, Plaintiff seeks relief as set forth below.

**SIXTH CAUSE OF ACTION**
**Cyber Stalking**
**California Civil Code §1708.7**

48.     Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs one through 47 of this complaint, inclusive.

49.     Defendant has engaged in a pattern of conduct the intent of which was to harass Plaintiff.

50.     As a result of that pattern of conduct, Plaintiff reasonably feared for her safety.

51.     Defendant, as a part of the pattern of conduct set forth above, made a credible threat with the intent to place Plaintiff in reasonable fear for her safety, and on at least one occasion Plaintiff clearly and definitively demanded that Defendant cease and desist his pattern of conduct.  Notwithstanding the request, Defendant persisted in his pattern of conduct.

52.     Wherefore, Plaintiff seeks relief as set forth below.

## SEVENTH CAUSE OF ACTION
### Breach of Contract

53.     Plaintiff repeats and realleges as if set forth herein the facts alleged in paragraphs one through 52 of this complaint, inclusive.

54.     On or about August 11, 2013, Plaintiff and Lee entered into a written contract whereby Lee transferred and assigned to Plaintiff the copyrights in all photographs he has taken of her.  A true and correct copy of the contract is attached hereto as Exhibit A and incorporated herein by this reference.

55.     Pursuant to the contract, Lee "agrees to cooperate with Assignee (Plaintiff) and to execute any and all additional documents that might be necessary to effectuate this assignment, as well as to secure, register and renew such rights."

56.     Plaintiff has requested that Lee provide her with copies of all photographs subject to the assignment agreement so that she can register copyrights.  She has also requested that Lee provide descriptions of any photographs as to which he does not presently have copies, so that she can monitor the internet for their use.

57.     Lee has failed and refused to provide the requested information.  As such, he is in breach of the August 11th agreement.

58.     Wherefore, Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

Wherefore Plaintiff makes the following request for relief:

1.     For actual damages against Defendant in an amount to be proven at trial, but in no event less than $500,000.00;

2.     For statutory and/or actual damages under the Copyright Act, 17 U.S.C. § 101, et seq.;

3.     For statutory and/or actual damages under California Civil Code § 3344.

4.     For punitive damages;

COMPLAINT - REDACTED

5.      For an order of specific performance directing Defendant to comply with the terms of the copyright assignment agreement;

6.      For attorneys' fees and costs of suit; and

7.      For such other and further relief as this court deems just and proper.

Pursuant to the Local Rules of this court, Plaintiff hereby formally demands a jury trial in this action.

Respectfully submitted,

Dated:  February 18, 2014                            _____// S //_____

Andrew M. Gold
BOGATIN, CORMAN & GOLD
Attorney for Plaintiff

COMPLAINT - REDACTED