UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JANE DOE, | No. C 13-04029 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE HIS DEFAULT** |
| v. | |
| DAVID KUO HUEI LEE, | [Re: ECF No. 31] |
| Defendant. | |

## INTRODUCTION

In this action, Defendant David Lee failed to timely respond to the Complaint. Despite specially appearing in September 2013 and having his default entered in November 2013, only now does Mr. Lee move to set aside the default. Motion to Set Aside, ECF No. 31.[1] Pursuant to Civil Local Rule 7-1(b), the court found this matter suitable for determination without oral argument and vacated the November 6, 2014 hearing. All parties have consented to the court's jurisdiction. This order **GRANTS** Mr. Lee's motion to set aside his default because the circumstances of this case do not warrant the drastic remedy of judgment by default.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

ORDER
C 13-04029 LB

**STATEMENT**

**I. FACTS**

The complaint details events arising out of a relationship Plaintiff, who is proceeding anonymously, had with Mr. Lee beginning when she was still a minor. Complaint, ECF No. 1 ¶ 8. In short, she alleges that Mr. Lee took lewd and indecent pictures of her (some of which were taken when she was a minor), posted those pictures on internet websites, made the photos available for sale through some of those websites, and impersonated her by creating false profiles that encouraged men to seek her out to stalk and harass her. *Id.* at ¶¶ 8-11. As a result of the above facts, Plaintiff alleges against Mr. Lee claims for (1) Intentional Infliction of Emotional Distress, (2) Violation of Right of Publicity, (3) Copyright Infringement, (4) False Light Invasion of Privacy, (5) Appropriation of Name, Picture, or Identity, (6) Cyberstalking, and (7) Breach of Contract. *Id.* at ¶¶ 18-57.

**II. PROCEEDINGS TO DATE**

On June 18, 2012, over a year before the institution of this action, in the United States Bankruptcy Court for the Eastern District of Virginia, Mr. Lee petitioned for Chapter 13 bankruptcy. Request for Judicial Notice, Ex. 2, ECF No. 34-2.[2] On August 31, 2012, the bankruptcy court

---

[2] Mr. Lee requests that this court take judicial notice of his bankruptcy petition and amended summary of schedules from *In re David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va.). Request for Judicial Notice, ECF No. 34.

Pursuant to Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A "high degree of indisputability is the essential prerequisite" to taking judicial notice and "the tradition [of taking judicial notice] has been one of caution in requiring that the matter be beyond reasonable controversy." Fed. R. Evid. 201(a) & (b) advisory committee's notes. A court, then, may take judicial notice of undisputed facts contained in public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

The court finds Mr. Lee's request satisfies Federal Rule of Evidence 201. Accordingly, this court takes judicial notice of Mr. Lee's bankruptcy petition and amended summary of schedules, ECF No. 34-2, 34-4.

confirmed Mr. Lee's Chapter 13 bankruptcy plan. *See* Gold Decl., Ex. A, ECF No. 37-2 at 7; Order Confirming Chapter 13 Plan, *In re David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va. Aug. 31, 2012), ECF No. 15.

On August 29, 2013, roughly a year after the bankruptcy court confirmed Mr. Lee's Chapter 13 bankruptcy plan, Plaintiff filed her complaint in this court. Complaint, ECF No. 1. She served the complaint on Mr. Lee on September 12, 2013. Proof of Service of Complaint, ECF No. 8. On September 27, 2013, in this court, Mr. Lee, who at that time was proceeding *pro se*, filed a notice of a special appearance contesting the court's personal jurisdiction over him. Notice, ECF No. 9. On October 2, 2013, the undersigned issued an order acknowledging receipt of Mr. Lee's notice of a special appearance, and instructing him that if he wanted to contest personal jurisdiction, he needed to file a motion that complied with the Federal Rules of Civil Procedure, including Rule 12. *See* Order, ECF No. 10. On October 3, 2013, the Clerk of the Court served Mr. Lee with a copy of the court's order regarding his notice of special appearance. Proof of Service of Order, ECF No. 10-1. Mr. Lee filed nothing in response.

On October 4, 2013, in this court, the Clerk served Mr. Lee with a second clerk's notice to consent to or decline the jurisdiction of the undersigned magistrate judge. Proof of Service of Notice, ECF No. 11-1. On October 18, 2013, in the bankruptcy court, Mr. Lee and his attorney (Mr. Lee was represented by counsel in that action) added Plaintiff to the list of creditors. *See* Request for Judicial Notice, Ex. 4, ECF No. 34-4 at 5-8. Mr. Lee served Plaintiff with the amended schedule including her as a creditor. *Id.* On October 21, 2013, in this court, the Clerk received and docketed Mr. Lee's consent to the undersigned's jurisdiction over this action. Consent, ECF No. 12.

On October 28, 2013, because Mr. Lee never answered her complaint, Plaintiff moved for entry of Mr. Lee's default. *See* Motion for Entry of Default, ECF No. 14. However, it does not appear that Plaintiff served the motion for entry of default on Mr. Lee. *See generally* Docket. Nevertheless, on November 5, 2013, the Clerk entered his default. Entry of Default, ECF No. 15.

On December 5, 2013, Plaintiff filed a case management statement. ECF No. 16. In the statement, Plaintiff indicated that a lawyer claiming to represent Mr. Lee contacted Plaintiff on November 26, 2013, stating that the entry of default in this court was improper because of the

ORDER
C 13-04029 LB
3

Chapter 13 petition. *Id.* Plaintiff further stated that she was neither a listed creditor nor notified of the bankruptcy petition when it was filed in June 2012, that she planned to retain bankruptcy counsel to make sure she had not violated the stay, and that she would refrain from moving for a default judgment until she was sure of the status of the stay. *Id.* Despite one of Mr. Lee's attorneys representing that this action violated the stay, Mr. Lee filed nothing in this court or the bankruptcy court requesting one of the available remedies for violation of an automatic stay. *See, e.g.*, 11 U.S.C. §§ 362(h), (k). Mr. Lee also filed nothing in this action from the time he consented to the undersigned's jurisdiction in October 2013 to the time he filed his motion to set aside his default in August 2014, ten months later.

On December 5, 2013, the Clerk served Mr. Lee with a notice indicating that the court continued the previously scheduled case management conference in light of his default. Proof of Service of Notice, ECF No. 17-1. Plaintiff also served Mr. Lee with the Clerk's notice. Proof of Service by Plaintiff, ECF No. 18.

Meanwhile, on January 13, 2014 in the bankruptcy court, Mr. Lee's bankruptcy trustee moved to dismiss his Eastern District of Virginia Chapter 13 petition based on unreasonable delay that is prejudicial to creditors. *See* Motion to Dismiss, *In re David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va. Jan. 13, 2014), ECF No. 33. On January 15, 2014, in this court, Mr. Lee was further notified of a new case management hearing and deadlines in this action. Proof of Service of Clerk's Notice, ECF No. 19-1. On January 23, 2014, the undersigned ordered Plaintiff to comply with civil local rules in this action and served Mr. Lee with this order. Order Regarding Documents Submitted, ECF No. 20; Proof of Service of Order, ECF No. 20-1.

On January 27, 2014, Plaintiff moved to seal the complaint and court file in this case. Administrative Motion, ECF No. 21; Underlying Motion, ECF No. 22. Plaintiff served the motions on Mr. Lee by overnight mail and email. Proof of Service of Motion, ECF No. 21-3; ECF No. 23-6. On February 18, 2014, the undersigned denied Plaintiff's administrative motion to file under seal, and denied the underlying motion to the extent that it sought to seal the complaint and court file, allowing Plaintiff to proceed anonymously instead. Order, ECF No. 23. The Clerk served Mr. Lee with that order on February 19, 2014. Proof of Service, ECF No. 23-1.

1        On February 4, 2014, in the bankruptcy court, Plaintiff moved for relief from the automatic
2 stay. *See* Docket, *In re David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va. Feb. 4, 2014),
3 ECF No. 35, 36, 37, 39. In addition to receiving notice of the motion in the bankruptcy court, Mr.
4 Lee and his attorney opposed and had an evidentiary hearing on Plaintiff's motion for relief from the
5 stay. *See* Docket, *In re David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va. Apr. 7, 2014),
6 ECF No. 44, 49, 51. On March 11, 2014, the bankruptcy court granted plaintiff's motion for relief
7 from the bankruptcy stay. *See* Case Management Statement, ECF No. 25; *see also* Docket, *In re*
8 *David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va.), ECF No. 51. On March 13, 2014, in this
9 court, Plaintiff submitted a case management statement indicating that the bankruptcy court granted
10 Plaintiff's request for relief from the stay and would enter a written order, as well as indicating the
11 she would move for a default judgment in the near future. ECF No. 25. On April 7, 2014, the
12 bankruptcy court entered its written order relieving Plaintiff of the stay, which Plaintiff served on
13 Mr. Lee. *See* Gold Decl., Ex. A, ECF No. 37-2; *see also* Sealed Order Granting Motion for Relief,
14 *In re David K. Lee*, Case No. 12-33692 KRH, (Bankr. E.D. Va.), ECF No. 53.

15        On May 1, 2014, Plaintiff filed in this action a case management statement indicating that the
16 bankruptcy court entered its written order relieving Plaintiff from the stay, that Plaintiff was
17 preparing a motion for default judgment, and that Plaintiff's counsel would be out of town on the
18 day the case management conference was scheduled for. 5/1/2014 CMC Statement, ECF No. 27.
19 On May 1, 2014, the court continued the case management conference to July 2014, and the Clerk
20 served Mr. Lee with a notice of the continuance. 5/1/2014 Clerk's Notice, ECF No. 28.

21        On July 15, 2014, Plaintiff filed another updated case management statement stating that she
22 would file her motion for default judgment within a few weeks. 7/15/2014 Clerk's Notice, ECF No.
23 29. On July 16, 2014, the court continued the case management conference once more, and again,
24 the Clerk served Mr. Lee with a notice informing him of this. 7/16/2014 Clerk's Notice, ECF No.
25 30.

26        Finally, on August 30, 2014, a year after Plaintiff filed this case, ten months after the court
27 entered default, and four months after the bankruptcy court's written order relieving Plaintiff from
28 the automatic stay, Mr. Lee moved to set aside his default. Motion, ECF No. 31. Plaintiff filed an

opposition, and Mr. Lee filed a reply. Opposition, ECF No. 37[3]; Reply, ECF No. 38.

## ANALYSIS

Mr. Lee first argues that the Clerk's entry of his default is void because an automatic bankruptcy stay was in place at the time it was entered. *See* Motion, ECF No. 31 at 2-3. In support of this argument, Mr. Lee cites the relevant statute, 11 U.S.C. § 362(a), and a few opinions that are not directly on point with the issue presented here but which nevertheless offer high-level relevant statements of law, *see*, *e.g.*, *In re Sambo's Restaurants, Inc.*, 754 F.2d 811 (9th Cir. 1985) (The general rule is that actions taken in violation of the automatic stay are void.") (citing 2 Collier on Bankruptcy ¶ 362.11 (15th ed. 1984)); *In re Aldrich*, 34 B.R. 776, 779 (9th Cir. 1984) ("With the filing of a petition in bankruptcy, 11 U.S.C. Section 362 automatically provides the debtor with a broad temporary stay or injunction against certain actions by creditors against the debtor."). In response, Plaintiff cites two opinions in support of her argument that the bankruptcy stay may have been lifted on August 31, 2012 when the bankruptcy court issued its order confirming the bankruptcy plan. *See In re Spirtos*, 221 F.3d 1079, 1081 (9th Cir. 2000) ("Pursuant to 11 U.S.C. § 362(c)(1), the automatic stay remains in force with respect to property of the estate 'until such property is no longer the estate.' So long as there are assets in the estate, then, the stay remains in effect . . . .") (citing 3 Collier on Bankruptcy § 362.06(1) (15th ed.); *see also S.E.C. v. Smith*, 212 Fed. Appx. 593, 594 (9th Cir. 2006) ("The automatic stay provision is no longer applicable once property is vested in the debtor.") (citing *In re Spirtos*, 221 F.3d at 1081). Aside from citing these opinions, however, the parties do not really delve into this issue, and the court believes that it is trickier than it may seem. Given the spare briefing on the issue and the bankruptcy court's April 7, 2014 order relieving Plaintiff of the stay, and because the court ultimately rules that Mr. Lee's default should be set aside under Federal Rule of Civil Procedure 55(c), the court does not need to decide this issue here.

---

[3] In her opposition, Plaintiff objected to certain paragraphs in, and certain exhibits attached to, Mr. Lee's declaration that he filed in support of his motion. *See* Opposition, ECF No. 37 at 5. As the court does not rely upon these paragraphs and exhibits in its decision, it is not necessary to rule on Plaintiff's objections.

Under Rule 55(c), a court may set aside an entry of default for "good cause." *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant lacked a meritorious defense; and (3) whether reopening the default would prejudice plaintiff. *See id.* (citing *Franchise Holding II, LLC v. Huntington Rests. Group., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004)). This standard is disjunctive, meaning, the court may deny the request to vacate default if any of the three factors is true. *See id.* (citing *Franchise Holding II*, 375 F.3d at 925). "Crucially, however, '[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The standard to set aside an entry of default is the same standard used to determine whether a default judgment should be set aside under Federal Rule of Civil Procedure 60(b), except that in the Rule 55(c) context, courts have greater discretion and can apply the standard more liberally to grant relief from entry of judgment because there is no interest in the finality of the judgment. *See id.* at 1091 n.1 (citations omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001); *Hawaii Carpenters' Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986); *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When considering whether to vacate entry of default under Rule 55(c), the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Fund*, 794 F.2d at 513.

As the party seeking to set aside entry of default, a defendant bears the burden of showing good cause under this test. *Id.* To ensure that cases are decided on the merits whenever possible, the court resolves any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

With respect to the first factor—whether the defendant engaged in culpable conduct that led to the default—Mr. Lee asserts that he "did not deliberately delay the filing of the motion [to set aside his default]," and that his belief that the current action was subject to a bankruptcy stay and his

attempts to negotiate a settlement with Plaintiff demonstrate that his failure to answer was not devious, deliberate, willful, or in bad faith. *See* Motion, ECF No. 31 at 5 (citing *Knoebber*, 244 F.3d at 701 ("Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not necessarily—although it certainly may be, once the equitable factors are considered—culpable or inexcusable.")). While the court does not necessarily think that Mr. Lee's conduct was devious or done in bad faith, it also does not think that his conduct was merely negligent. Mr. Lee was served with documents in this action on numerous occasions, and he also actively opposed (in the bankruptcy court) Plaintiff's motion for relief from the stay, which the bankruptcy court granted on April 7, 2014, yet he did nothing until August 30, 2014, when he filed the instant motion. So, even if he thought that the action was stayed up until April 7, 2014, he still waited over four months before doing anything in this action. And his statement that he did not answer the complaint because he was trying to reach a settlement of action does not help him. If he wanted to extend the time he had to answer the complaint, he should have reached a stipulation with Plaintiff's counsel, as litigants do in actions all the time.

With respect to the second factor—whether the defendant lacked a meritorious defense—a defendant must allege specific facts that, if true, would constitute a defense. *See Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700). Although in this regard the burden on the defendant is "not extraordinarily heavy," *id*. (citing *TCI Group*, 244 F.3d at 700), "[a] 'mere general denial without facts to support it' is not enough to justify vacating a default," *Franchise Holdings II*, 375 F.3d at 926. Upon review of his opposition, the court finds that Mr. Lee meets this low burden. *See* Motion, ECF No. 31 at 4-5. As for Plaintiff's intentional infliction of emotional distress claim, he says that he did not cause, or intend to cause, Plaintiff emotional distress. As for Plaintiff's violation of right of publicity claim, he says that he did not use, without Plaintiff's consent, Plaintiff's photographs on products or for the purpose of advertising or selling products. As for Plaintiff's copyright infringement claim, he says that he owned a copyright in the photographs and did not violate a copyright assignment agreement that he and Plaintiff entered into. As for Plaintiff's

invasion of privacy (false light) claim, he says that he did not make false public disclosures of facts about Plaintiff or place her in a false light, and even if he did, he did know the falsity of the publicized matter. As for Plaintiff's appropriation of name, picture, or identity claim, he says that he did not appropriate Plaintiff's name, picture, or identity, and even if he did, the appropriation was not for his own purposes or benefit, whether commercial or otherwise. As for Plaintiff's cyberstalking claim, he says that he did not engage in a pattern of conduct with an intent to harass Plaintiff or make a credible threat with the intent to place Plaintiff in reasonable fear for her safety. And as for Plaintiff's breach of contract claim, he says that he did not breach the parties' copyright assignment agreement.

With respect to the third factor—whether reopening the default would prejudice the plaintiff—Mr. Lee argues that Plaintiff will not be prejudiced because setting aside his default would result only in Plaintiff "not be[ing] able to ensure an easy victory." Motion, ECF No. 31 at 4 (citing *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224-25 (9th Cir. 2000) ("The prejudice to the Postal Service was minimal. It would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1).")). The court agrees that the prejudice to Plaintiff is minimal: although the action has been open for about one year, not much has happened, and there are no impending case management dates that will need to be continued. Plaintiff argues that she will be prejudiced because she is "on the precipice of finally getting a judgment," Opposition, ECF No. 37 at 4, but she has yet to even file her motion for default judgment. In short, Plaintiff has not expended too much time and effort in this action, and the court can fix any case management deadline issues.

On balance, then, the court finds that the factors, on the whole, weigh in favor of setting aside Mr. Lee's default and that the circumstances presented here are not so extreme as to warrant the denial of his motion.

In her opposition, Plaintiff asks, in the event that the court grants Mr. Lee's motion (as it will), that the court (1) require Mr. Lee to pay the attorneys' fees and costs that Plaintiff incurred in having Mr. Lee's default entered and in preparing papers to obtain a default judgment, and (2) to find that

Mr. Lee has forfeited his right to move to dismiss the complaint or file any other "preliminary motion." Opposition, ECF No. 37 at 5 (citing *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1541, 1546 (9th Cir. 1988) (holding that "it is appropriate to condition setting aside a default upon the payment of a sanction," such as the payment of attorneys' fees and costs associated with seeking entry of the defendant's default and with motion practice related to the setting aside of the defendant's default); *Turner v. Correctional Med. Servs., Inc.*, 262 F.R.D. 405, 410 (D. Del. 2009) (setting aside the defendant's and, without citing to authority, requiring the defendant to "pay the costs of the default judgment motion practice," "forfeit any preliminary motion practice," and "submit to discovery")). Upon consideration of Plaintiffs' cited authorities, the circumstances of Mr. Lee's default, and the record in this case, the court finds that the requested sanctions are not appropriate. As for the attorneys' fees and costs, while the court has authority to require Mr. Lee to pay them, Plaintiff has not supported her request for them. Plaintiff made her request almost as a throw-away at the end of her opposition. She did not identify the amount of attorneys' fees and costs that she incurred, nor did she provide evidence, such as billing records, that would allow the court to consider whether the attorneys's fees and costs were reasonably incurred. For this reason, the court denies Plaintiff's request for attorneys' fees and costs. As for Plaintiff's request that Mr. Lee be barred from filing a motion to dismiss, the court finds it unsupported by authority. Plaintiff cited an opinion from a district court in Delaware, but in that instance, the court imposed such a sanction without citing a basis for its authority to do so. See *Turner*, 262 F.R.D. at 410. Without more, the court will not impose such a sanction.

## CONCLUSION

Based on the foregoing, the court **GRANTS** Mr. Lee's motion to set aside his default. Mr. Lee must answer or otherwise respond to Plaintiff's complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: November 10, 2014

_____
LAUREL BEELER
United States Magistrate Judge