UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID KUO HUEI LEE,<br><br>    Defendant. | Case No. 3:13-cv-04029-LB<br><br>**ORDER REGARDING ATTORNEY'S FEES** |

## INTRODUCTION

The plaintiff (proceeding pseudonymously as Jane Doe) filed this lawsuit on August 29, 2013. (Complaint, ECF No. 1.[1]) The case settled pursuant to an agreement that provides for attorney's fees. (ECF No. 81.) The issue is the amount of fees. The court awards $35,000.

## STATEMENT

The parties had a mediation session on June 3, 2015 through the court's ADR program; at its conclusion, the court-appointed mediator filed a Certificate of ADR Session that reflects a full settlement, the signing of an "MOU" (meaning, memorandum of understanding), and the parties' "finalizing the settlement agmt." (ECF No. 66.) The plaintiff thereafter filed a motion to enforce

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 3:13-cv-04029-LB)

1 the memorandum of understanding. (Motion, ECF No. 69.) Ultimately, at a hearing on August 20,
2 2015, the parties resolved their disagreements and filed their settlement agreement, which was a
3 marked-up and signed version of their MOU. (*See* ECF Nos. 80, 81, and 82.) It provides for
4 payment of the following: "Defendant shall pay Plaintiff's attorney's fees actually incurred in this
5 Case (approximately $30,000) from August 2013 through entry of the permanent injunction."
6 (ECF No. 81 at 8(b).)

At the hearing, the court agreed to review the plaintiff's counsel's fees because the defendant "want[ed] him to prove it up." (RT 9/4/15 at 22:7.) (The hearing is on the court's FTR system; the court reviewed it to fill in what is marked "inaudible" on the transcript.) The gist of the agreement is that the court would review the plaintiff's counsel's billing records to be sure that they supported the fees request and established "reasonable" fees. At the hearing, the plaintiff's counsel noted that the $30,000 was only an approximation. (*See id.* at 18-21.) The discussion was that the fees were now $35,000. (*See id.* at 18.) And the declaration submitted in support of the motion to enforce the MOU referred to fees of $35,000, broken down as $33,500 in fees actually incurred through the filing date plus an allocation of $1,500 for review of the opposition to the motion to enforce. (7/2/2015 Gold Decl., ECF No. 69, ¶ 8; *see also* 9/2/2015 Gold Decl., ECF No. 85, ¶ 5.)

Thereafter, as the parties agreed at the hearing, the plaintiff's counsel submitted his billing records and asked for $50,690 in fees actually incurred. (9/2/2015 Gold Decl., ECF No. 85.) The amount is based on a $300 hourly rate, which is substantially lower than counsel's regular billing rate. (*Id.* ¶ 9.) A small amount of time is attributable to a contract attorney at a billing rate of $200. (*Id.*) The declaration describes their experiences as lawyers. (*Id.* ¶¶ 8-9.) The declaration (supported by actual billing records and a spreadsheet summarizing them by category) establishes a total of 162.1 hours for the plaintiff's counsel and 4.3 hours for the contract attorney. (ECF 85-1 at 3.) The defendant opposed the fees, arguing that the court should award $10,900 in fees. (Opposition, ECF No. 88.) The plaintiff's counsel then filed a responsive declaration. (9/24/2015 Gold Decl., ECF No. 90.) On October 8, 2015, the court held a second hearing. (*See* ECF No. 92.) There, the plaintiff's counsel agreed to limit his fees request to $35,000. (*See* Digital FTR Recording: 3:56-4:06.)

ORDER (No. 3:13-cv-04029-LB)

2

# ANALYSIS

To determine a reasonable attorney's fee award, courts use the lodestar method. *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The court calculates a lodestar amount by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Id*.

## 1. Reasonable Hourly Rate

A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is the "forum in which the district court sits," which here is the Northern District of California. *Id.* The party requesting fees must produce satisfactory evidence – in addition to the attorney's own affidavits or declarations – showing the rates are in line with community rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). In establishing the reasonably hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experiences of counsel; (3) the quality of representation; and (4) the results obtained. *See Cabrales v. Cnty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988).

The court's own experience is that the billing rates are lower than the prevailing market rate in the relevant community in similar cases. Indeed, the plaintiff's counsel said that he agreed to the lower rate out of sympathy for his client. (Gold Decl., ECF No. 85, ¶ 9.) The court finds the billing rates of the plaintiff's counsel and the contract attorney to be reasonable, given their experience and the prevailing market rate in the relevant community.

## 2. Reasonable Hours Expended

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records documenting the task completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565 F.3d at 1102; *Welch*, 480 F.3d at 945-46.

ORDER (No. 3:13-cv-04029-LB)

3

The court reviewed the total hours spent for tasks summarized in the plaintiff's counsel's declaration and supported by the billing records. (*See* Gold Decl., ECF No. 85, ¶ 9.) The court finds the requested $35,000 to be reasonable, in line with the timeline of this lawsuit, and necessary for its prosecution. The court notes that it is close to the $30,000 that was in the parties' original MOU. The events since then (including the defendant's counsel's failure to appear at a noticed hearing) support the additional $5,000. The court also emphasizes that the parties agreed to this court's review of and decision regarding the fees as part of their placing their settlement on the record on August 20, 2015 (with the undersigned's assistance).

**3. Proposed Judgment**

The last issue is the proposed judgment and permanent injunction. The plaintiff's counsel submitted a proposed judgment and injunction. (*See* ECF No. 69-2.) It is consistent with the parties' settlement agreement. The parties must confer and raise any issues with the court about the form of judgment and injunction by a joint statement filed no later than November 10, 2015. Absent an objection, the court will enter ECF No. 69-2 on November 12, 2015.

## CONCLUSION

The court orders that the amount to be paid under the terms of the settlement agreement is $35,000. Pursuant to the terms of the MOU, it is payable in equal installments over 10 years, with simple interest at the rate of inflation. (ECF No. 81 at 5.)

The parties must raise any objections to ECF No. 69-2 no later than November 10, 2015. The parties must efile any revision and then email a word version to the court's orders box at lbpo@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: November 3, 2015                    _____
                                            LAUREL BEELER
                                            United States Magistrate Judge

ORDER (No. 3:13-cv-04029-LB)                                                   4